IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VINCENZO TRICOCI, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>STEVEN VIDLJINOVIC, PATRICK BARKER, )<br>BRENDAN MCCRUDDEN, GEORGE )<br>GHORBANIAN, OSWALDO MALDONADO, )<br>ANDREW MARZEN, CHARLES LEACH, )<br>MICHAEL JACOB, EDWARD BAZAR, )<br>MICHAEL BURKE and CITY OF CHICAGO, )<br>)<br>)<br>Defendants. ) | JURY TRIAL DEMANDED |

## COMPLAINT

NOW COMES the Plaintiff, VINCENZO TRICOCI, by and through his attorney, GIGI GILBERT, and complaining of Defendants, STEVEN VIDLJINOVIC, PATRICK BARKER, BRENDAN MCCRUDDEN, GEORGE GHORBANIAN, OSWALDO MALDONADO, ANDREW MARZEN, CHARLES LEACH, MICHAEL JACOB, EDWARD BAZAR, MICHAEL BURKE and CITY OF CHICAGO, allege as follows:

### NATURE OF THE CASE

1. This suit arises from the violation of civil rights of Plaintiff, VINCENZO TRICOCI, for illegal search and false arrest in violation of Title 42 U.S.C. § 1983 and state law claims for malicious prosecution, respondent superior and indemnification.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 Jurisdiction is based upon 28 U.S.C. §§ 1331, 1332 and 1367. The Court has supplemental jurisdiction over the state law claims

1

pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

## VENUE

3. The violation of civil rights alleged herein was committed within the Northern District of Illinois to wit: County of Cook, CITY OF CHICAGO. This action properly lies in the United States District Court, Northern District of Illinois, Eastern Division.

## PARTIES

4. Plaintiff, VINCENZO TRICOCI, ("TRICOCI"), is a 52 year old male who resides in Chicago, Illinois located in the Northern District of Illinois.

5. Defendants, STEVEN VIDLJINOVIC ("VIDLJINOVIC'), PATRICK BARKER ("BARKER"), BRENDAN MCCRUDDEN ("MCCRUDDEN"), GEORGE GHORBANIAN ("GHORBANIAN"), OSWALDO MALDONADO ("MALDONADO"), ANDREW MARZEN ("MARZEN"), CHARLES LEACH ("LEACH"), MICHAEL JACOB ("JACOB"), EDWARD BAZAR ("BAZAR") and MICHAEL BURKE ("BURKE") were at all times relevant hereto, employed as police officers by the Chicago police department, an agent of the CITY OF CHICAGO and acting under color of state law. The CITY OF CHICAGO is a municipal corporation.

## BACKGROUND

6. On April 23, 2021, Plaintiff, TRICOCI, resided in a multi-unit building located at 1444 W. Winona Street Chicago, Illinois when Defendants entered his residence without an arrest or search warrant.

2

7. Plaintiff, TRICOCI, had not committed, was not committing any crimes, or was not about to commit any crimes at the time Defendants entered 1444 W. Winona Street, Chicago, Illinois.

8. Defendants searched the building without a warrant and said they found one Speer brand .9 mm bullet in TRICOCI's room.

9. Defendant denies that the bullet was his and did not have any knowledge that it was in his room.

10. Defendants falsely arrested TRICOCI without probable cause for allegedly possessing the one .9 mm bullet without a Firearm Owner's Identification Card and transported TRICOCI to the 20th District Chicago police station.

11. While in custody Plaintiff TRICOCI suffered from hypertension and a heart condition had to be transported to Swedish Covenant Hospital as a result of his arrest. Defendant remained in custody of the Cook County Department of Corrections until his preliminary hearing.
-

12. Defendant VIDLJINOVIC signed a Felony Complaint against TRICOCI charging him with one count of Unlawful Use of a Weapon by a Felon for the alleged possession of the bullet in the Circuit Court of Cook County, Illinois under case 21110929001.

13. On May 20, 2021 Defendant VIDLJINOVIC testified during a preliminary hearing and there was a finding of no probable cause for the one count of Unlawful Use of a Weapon by a Felon under case 21110929001.

**COUNT I - 42 U.S.C. § 1983 - ILLEGAL SEARCH**

14. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

15. Defendants illegally entered and searched the multi-unit building at 1444 W. Winona Street, Chicago, Illinois without a warrant, consent or probable cause that a crime had been committed.

16. Defendants violated Plaintiff, TRICOCI's Fourth and Fourteenth Amendment Rights of the United States Constitution to be free from illegal searches in violation of 42 U.S.C. §1983.

17. Defendants illegal search was done with malice and/or reckless indifference to TRICOCI's federally protected rights.

18. As a direct and proximate result of Defendants' actions, TRICOCI, suffered and continues to suffer mental anguish, psychological and emotional distress, pain and suffering, economic losses, some or all of which may be permanent.

WHEREFORE, Plaintiff, VINCENZO TRICOCI, prays that this Honorable Court enter a judgment in his favor and against Defendants, STEVEN VIDLJINOVIC, PATRICK BARKER, BRENDAN MCCRUDDEN, GEORGE GHORBANIAN, OSWALDO MALDONADO, ANDREW MARZEN, CHARLES LEACH, MICHAEL JACOB, EDWARD BAZAR, MICHAEL BURKE, for the following relief:

(a) Compensatory damages in an amount to be determined at trial;

(b) Punitive damages in the amount to be determined at trial;

(c) Reasonable attorneys' fees and costs; and

(d) Such other and further relief as this court deems reasonable.

**COUNT II - 42 U.S.C. § 1983 - ILLEGAL SEARCH - FAILURE TO INTERVENE**

19. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

20. Defendants, failed to intervene although they were present and knew that their fellow officer Defendants were illegally searching the multi-unit building Plaintiff TRICOCI resided at, and did not take reasonable measures to intervene during the illegal search despite having an opportunity to intervene.

21. Under the totality of circumstances Defendants, failure to intervene during the illegal search was in violation of Fourth and Fourteenth Amendment Rights of the United States Constitution and was in violation of said rights protected by 42 U.S.C. §1983.

22. Defendants, failure to intervene during the false arrest was done with malice and/or reckless indifference to Plaintiff TRICOCI's federally protected rights.

23. As a direct and proximate result of Defendants, actions or failure to intervene, Plaintiff, TRICOCI suffered and continues to suffer mental anguish, psychological and emotional distress, pain and suffering, and economic losses, some or all of which may be permanent.

WHEREFORE, Plaintiff, VINCENZO TRICOCI, prays that this Honorable Court enter a judgment in his favor and against Defendants, STEVEN VIDLJINOVIC, PATRICK BARKER, BRENDAN MCCRUDDEN, GEORGE GHORBANIAN, OSWALDO MALDONADO, ANDREW MARZEN, CHARLES LEACH, MICHAEL JACOB, EDWARD BAZAR, MICHAEL BURKE, for the following relief:

(a) Compensatory damages in an amount to be determined at trial;

(b) Punitive damages in the amount to be determined at trial;

(c) Reasonable attorney's fees and costs; and

(d) Such other and further relief as this court deems reasonable.

### COUNT III - 42 U.S.C. § 1983 - FALSE ARREST

24. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

25. Defendants falsely arrested Plaintiff TRICOCI without a warrant or probable cause that a crime had been committed.

26. Defendants violated Plaintiff, TRICOCI's Fourth and Fourteenth Amendment Rights of the United States Constitution to be free from false arrest in violation of 42 U.S.C. §1983.

27. Defendants false arrest was done with malice and/or reckless indifference to TRICOCI's federally protected rights.

28. As a direct and proximate result of Defendants' actions, TRICOCI, suffered and continues to suffer mental anguish, psychological and emotional distress, pain and suffering, economic losses, some or all of which may be permanent.

WHEREFORE, Plaintiff, VINCENZO TRICOCI, prays that this Honorable Court enter a judgment in his favor and against Defendants, STEVEN VIDLJINOVIC, PATRICK BARKER, BRENDAN MCCRUDDEN, GEORGE GHORBANIAN, OSWALDO MALDONADO, ANDREW MARZEN, CHARLES LEACH, MICHAEL JACOB, EDWARD BAZAR, MICHAEL BURKE, for the following relief:

(a) Compensatory damages in an amount to be determined at trial;

(b) Punitive damages in the amount to be determined at trial;

(c) Reasonable attorneys' fees and costs; and

(d) Such other and further relief as this court deems reasonable.

**COUNT IV - 42 U.S.C. § 1983 - EXCESSIVE FORCE - FAILURE TO INTERVENE**

29. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

30. Defendants, failed to intervene although they were present and knew that Defendants were falsely arresting Plaintiff TRICOCI, and did not take reasonable measures to intervene during the false arrest despite having an opportunity to intervene.

31. Under the totality of circumstances Defendants, failure to intervene during the false arrest was in violation of Fourth and Fourteenth Amendment Rights of the United States Constitution and was in violation of said rights protected by 42 U.S.C. §1983.

32. Defendants, failure to intervene during the false arrest was done with malice and/or reckless indifference to Plaintiff TRICOCI's federally protected rights.

33. As a direct and proximate result of Defendants, actions, or failure to intervene, Plaintiff, TRICOCI suffered and continues to suffer mental anguish, psychological and emotional distress, pain and suffering, and economic losses, some or all of which may be permanent.

WHEREFORE, Plaintiff, VINCENZO TRICOCI, prays that this Honorable Court enter a judgment in his favor and against Defendants, STEVEN VIDLJINOVIC, PATRICK BARKER, BRENDAN MCCRUDDEN, GEORGE GHORBANIAN, OSWALDO MALDONADO, ANDREW MARZEN, CHARLES LEACH, MICHAEL JACOB, EDWARD BAZAR, MICHAEL BURKE, for the following relief:

    (a) Compensatory damages in an amount to be determined at trial;

    (b) Punitive damages in the amount to be determined at trial;

    (c) Reasonable attorney's fees and costs; and

    (d) Such other and further relief as this court deems reasonable.

## COUNT V - STATE LAW MALICIOUS PROSECUTION

34. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

35. Defendant, VIDLJINOVIC, commenced and/or continued criminal proceedings against TRICOCI by charging him with Unlawful Use of a Weapon by a Felon for possession of the bullet in the Circuit Court of Cook County, Illinois under case 21110929001.

36. VIDLJINOVIC did not have probable cause or legal justification to commence or continue criminal proceedings for resisting arrest against TRICOCI.

37. The criminal proceedings were resolved in TRICOCI's favor indicative of his innocence in that there was a finding of no probable cause after a preliminary hearing.

38. As a direct and proximate result of Defendant, VIDLJINOVIC's actions, Plaintiff, TRICOCI suffered and continues to suffer mental anguish, psychological and emotional distress, pain and suffering, and economic losses, some or all of which may be permanent.

WHEREFORE, Plaintiff, VINCENZO TRICOCI, prays that this Honorable Court enter a judgment in his favor and against Defendant, STEVEN VIDLJINOVIC for the following relief:

(a) Compensatory damages in an amount to be determined at trial;

(b) Punitive damages in the amount to be determined at trial;

(c) Such other and further relief as this court deems reasonable.

## COUNT VI – STATE LAW RESPONDEAT SUPERIOR

39. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

40. In committing the acts described in the preceding paragraphs, Defendants, were members and agents of the Chicago Police Department an agent of the CITY OF CHICAGO and acting at all relevant times within the scope of their employment.

41. Defendant, CITY OF CHICAGO, is liable as principal for all torts committed by its agents.

WHEREFORE, Plaintiff, VINCENZO TRICOCI, prays that this Honorable Court enter a judgment in his favor and against Defendant, CITY OF CHICAGO for the following relief:

(a) Compensatory damages in an amount to be determined at trial;

(b) Reasonable attorney's fees and costs; and

    (c)    Such other and further relief as this court deems reasonable.

**COUNT VII - STATE LAW INDEMNIFICATION**

    42.    Each of the foregoing Paragraphs is incorporated as if restated fully herein.

    43.    Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

    44.    Defendants, were employees of the Chicago Police Department an agent of the CITY OF CHICAGO, acting within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, VINCENZO TRICOCI, prays that this Honorable Court enter a judgment in his favor and against Defendant, CITY OF CHICAGO for the following relief:

    (a)    Compensatory damages in an amount to be determined at trial;

    (b)    Reasonable attorney's fees and costs; and

    (c)    Such other and further relief as this court deems reasonable.

    Respectively Submitted,

    By: //s// Gigi Gilbert_____

Gigi Gilbert
Attorney for Plaintiff
53 W. Jackson, Suite #356
Chicago, IL 60604
(312) 554-0000
(312) 554-0015 fax
A.R.D.C.#: 6199394
gigigilbert@gigigilbert.com